# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ADAM T. NORRIS,

        Petitioner,     :        Case No. 3:25-cv-00133

    - vs -                      District Judge Michael J. Newman
                                      Magistrate Judge Michael R. Merz

TOM WATSON, Warden,
  North Central Correctional Institution,

                               :
        Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Adam T. Norris pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Greene County Court of Common Pleas on a collection of drug-related offenses (Petition, ECF No. 1).  The case is ripe for decision on the Petition, the State Court Record (ECF No. 9) and the Return of Writ (ECF No. 10).  Although Magistrate Judge Gentry, to whom this case was originally referred, set a reply deadline of twenty-one days after the Return was filed (Order for Answer, ECF No. 6), that deadline has passed and Petitioner has not filed a reply.

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 12).

1

**Litigation History**

Petitioner was indicted by a Greene County grand jury September 16, 2022, and charged with two counts of aggravated trafficking in drugs in violation of Ohio Revised Code § 2925.03(A)(1) (Counts 1 and 7), one count of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A) (Count 2), two counts of aggravated trafficking in drugs in violation of Ohio Revised Code § 2925.03(A)(1), (Counts 3 and 5), two counts of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A) (Counts 4 and 6), and one count of aggravated possession of drugs in violation of Ohio Revised Code § 2925.11(A)(Count 8). (Indictment, State Court Record ECF No. 9, Ex. 1).  Norris was found guilty of all charges by a trial jury and sentenced to sixteen to twenty-four years imprisonment.

Represented by new counsel, Norris appealed to the Ohio Court of Appeals for the Second District.  That court overruled his second and third assignments of error, but granted the first in part and remanded for imposition of a maximum sentence of twenty years (Opinion, State Court Record, ECF No. 9, Ex. 11).  Norris did not timely appeal to the Ohio Supreme Court, but sought a delayed appeal on February 12, 2024. *Id.* at Ex. 12.  The Supreme Court denied that motion. *Id.* at Ex. 14.  Norris was re-sentenced and did not appeal from the new sentence.

Norris filed his Petition in this Court on August 19, 2024, pleading the following grounds for relief:

> **Ground One:** Mr. Norris's maximum sentence imposed pursuant to R.C. 2929.144 was contrary to law in violation of Ohio and United States Constitutions of due process.
>
> **Supporting Facts:** when the State uses a witness's statements against someone, there should be some type of corroborating

physical evidence that Mr. Norris was involved in a crime, not just his presence.

**Ground Two:** The trial court erred to the prejudice of Mr. Norris when it imposed maximum consecutive sentences in violation Ohio and United States Constitutions.

**Supporting Facts:** when the credibility of a State CI's reliability is put into question, there should be some form of physical supporting evidence otherwise its "hearsay."

**Ground Three:** The indefinite sentencing scheme set forth in the Reagan Tokes Law and imposed by the trial court in violation of Ohio and United States Constitutions.

**Supporting Facts:** The indefinite sentencing scheme set forth in the Ohio's "Reagan Tokes Law" as being enforced in the State of Ohio violates federal and state constitutions.

(Petition, ECF No. 1 PageID 5, 7-8).

# Analysis

### Procedural Default

Respondent asserts that merits review of the Petition is barred by Norris' failure to fairly present these claims to the Ohio Supreme Court on direct review.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

3

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The relevant Ohio procedural rule is the requirement that a notice of appeal from an intermediate appellate court be filed within forty-five days of judgment on appeal.  Norris did not do that and his request to be excused from timely filing was denied.  The forty-five day limit is an adequate and independent state ground for decision.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).  Norris has offered no excusing cause and prejudice.  Therefore all of his grounds for relief are procedurally defaulted and the Petition should be dismissed on that basis.

**Merits**

Because Norris' claims are procedurally defaulted, the Court should not reach the merits

4

of his claims.  However, if the Court were to do so, it should conclude that Norris has failed to state a claim upon which relief can be granted.  Questions of whether a particular case warrants consecutive sentences is a matter of state law.  *Oregon v. Ice*, 555 U.S. 160 (2009).  A federal habeas court is limited to deciding whether a state conviction violates the United States Constitution.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

If the Court reaches the merits of the Petition, it should dismiss for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.